## No. 118

### STROHM et v. BLACKFORD

#### No. 19429. Supreme Court

On motion to certify. Dock. Nov. 19, 1925; 3 Abs. 738.

**1065. SCHOOLS & SCHOOL DISTRICTS**—Is a contract entered into between a rural board of education and a father of school children to transport said children to and from school, invalid when such contract is not certified to the county board of education for approval?

Frank Blackford and his wife and two children resided in a school district wherein there was no high school. He therefore entered into a purported contract with the board of education of such district to convey his children to the Tiro High School, in a different district.

At a regular meeting the school board passed a resolution to pay Blackford for his services. Neither the president of the Board, nor the clerk signed the resolution. The action was filed in the Crawford Common Pleas by Blackford for a money judgment on the purported contract and the court found for the Board.

Error was prosecuted to the Court of Appeals which reversed the trial court and overruled the premises advanced by the board which were that the contract was not valid because it was not signed by the president and clerk of the Board; that the rural board had no right to make a contract till the County Board had been appealed to. The case was

taken to the Supreme Court on a motion to certify and it was contended:

1. There was no valid contract because such a board of education cannot lawfully employ a parent to transport his children without first certifying the matter to the county board of education and said board must authorize the contract. These conditions are precedent and must be fulfilled before a contract can be made.

2. The purported contract was not signed by the president and clerk of said rural board of education, and is therefore illegal. Conveyances made by a board of education shall be executed by the president and clerk thereof."

3. Contracts can not take effect earlier than executions thereof, it was entered into Dec. 3, 1923 to take effect as of Sept. 10, 1923. This it is claimed is contrary to law.

Attorneys—C. U. Ahl for Strohm et; E. J. Myers for Blackford; both of Bucyrus.